# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | C/A No. 14-01237-JW |
| | Chapter 13 |
| Joseph Shannon Mazyck and Anita Flippen Mazyck, | **ORDER** |
| Debtor(s). | |

This matter comes before the Court on the Objections by Debtors to certain Proofs of Claim filed by Cavalry SPV I, LLC ("Cavalry"), as assignee of Navy Federal Credit Union ("NFCU"), to which the Trustee filed responses. Cavalry did not file any responses disputing Debtors' Objections. Debtors thereafter filed an Affidavit and Reply to the Trustee's responses.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Pursuant to Fed. R. Civ. P. 52, which is made applicable to this contested matter by Fed. R. Bankr. P. 7052 and 9014(c), the Court makes the following findings of fact and conclusions of law.[1]

## **FINDINGS OF FACT**

1.      Debtors filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on March 3, 2014.[2]

2.      Debtors did not schedule any debts to Cavalry or NFCU, its predecessor in interest.

---

[1] To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such, and to the extent any of the following conclusions of law constitute findings of fact, they are so adopted.

[2] Debtors filed a previous bankruptcy case, 13–04521–JW, on August 5, 2013, which was dismissed for non-payment subsequent to confirmation of Debtors' plan ("prior case").  In the prior case, Debtors did not schedule any debts to Cavalry or its predecessor in interest, NFCU. Cavalry filed five proofs of claim similar to those filed in the instant case. The issues now before the Court were not considered in the prior case because it was dismissed before any claims objections were filed. No disbursements were made on the claims.

3.      On March 13, 2014, Cavalry timely filed five unsecured claims in Debtors'

case indicating debts owed to it by Debtor Joseph Mazyck, individually.  Cavalry's

claims are based on a debt in writing, but neither a copy of the writing nor a statement of

the circumstances of the loss or destruction of the writing was filed with the claims. The

claims do include a Statement of Account itemizing the principal and interest Cavalry

asserts to be due and lists the following as the "Account Charge Off Date" with respect to

the four claims relevant to this Order: (1) #4-1, January 27, 2005; (2) #5-1, November 29,

2004; (3) #6-1, January 27, 2005; and (4) #7-1, March 29, 2005.

4.      Debtors' Chapter 13 plan was confirmed on May 22, 2014 ("Plan").  With all

claims as filed, including those filed by Cavalry, the Plan is sufficiently funded to pay

approximately 10% to Debtors' general unsecured creditors.[3]

5.      Debtors filed objections on July 31, 2014 ("Objections") to four of Cavalry's

five claims (# 4-1, 5-1, 6-1, and 7-1), totaling to an amount of $71,890.39 ("Claims").  In

each Objection, Debtors cite the relevant "Account Charge Off Date" as the last date

payments on the debt were made or promised to be paid, asserting that the three year

statute of limitations for actions on a contract found in South Carolina Code of Laws §

15–3–530(1) should be applied to disallow the Claims.

6.      If Debtors' Objections are granted and Cavalry's Claims disallowed, the

funding in the Plan would be sufficient to disburse approximately 16% to the claims

remaining in the general unsecured creditor class.

7.      The Chapter 13 Trustee, James Wyman ("Trustee"), filed responses to

Debtors' Objections on August 12, 2014.  Each response stated that the Trustee "does not

---

[3] Scheduled claims in this class of creditors total $95,271.00.  Filed claims in the same class, which include
Cavalry's Claims, total $185,334.03.

oppose the relief sought [by Debtors], but is uncertain as to whether the [D]ebtors have met their burden of presenting sufficient evidence to negate the *prima facie* validity of the proof[s] of claim, and whether the statute [of limitations] applies." Cavalry, on the other hand, did not file any responses to Debtors' Objections to its Claims.

8. On September 26, 2014, in light of the Trustee's concerns as to the sufficiency of the Objections, Debtors submitted an affidavit ("Affidavit") asserting that: (1) Debtor Joseph Mazyck owed individual debts to NFCU which had not been paid at the time of filing of either the current case or Debtors' prior case, but had no direct dealings with Cavalry; (2) Debtor Anita Mazyck has not at any relevant time owed any debts to NFCU; (3) Debtor Joseph Mazyck has not made any payments to NFCU or Cavalry towards any debts represented by Cavalry's Claims in the ten years prior to filing; and (4) Debtor Joseph Mazyck made no promises to NFCU or Cavalry to pay the debts represented by Cavalry's Claims in the ten years prior to filing.

9. Based on the Affidavit, Debtors' schedules and statements, Debtors' Objections, and the minimal documentation filed in support of the Claims, the last date that any transactions or written promises were made in relation to the relevant Claims which would commence the running of the statute of limitations cited in the Objections appears to be March 29, 2005. Three years from that date would end on March 28, 2008.

10. On September 24, 2014, the Trustee and Debtors filed a joint statement of dispute in preparation for the hearing on Debtors' Objections. After a hearing, the Court took the matter under advisement.

## ISSUES

1. Whether the affirmative defense of the three year statute of limitations for the commencement of an action upon a contract found in South Carolina Code of Laws § 15–3–530(1) may serve as grounds to disallow a creditor's claim.

2. Whether Debtors' Objections and Affidavit contain factual allegations sufficient to support South Carolina Code of Laws § 15–3–530(1) as a basis for disallowing Cavalry's Claims.

3. Whether the filing of a proof of claim constitutes a violation of the automatic stay.

## ARGUMENTS OF THE PARTIES

Debtors object to Cavalry's Claims pursuant to 11 U.S.C. § 502(b)(1),[4] alleging the Claims are time-barred under South Carolina Code of Laws § 15–3–530[5] and, thus, unenforceable.  Section 502 provides:

> (a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.
> (b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that--
>> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

According to Debtors, § 502(b)(1) permits application of the affirmative defense of the statute of limitations found in S.C. § 15–3–530(1), thereby barring the Claims, because  it is "applicable law" that would cause the Claims to be unenforceable as to Debtors and

---

[4] Further references to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, shall be by section number only.
[5] Further references to the South Carolina Code of Laws shall be by section number only; to avoid confusion with references to the Bankruptcy Code, reference to the South Carolina Code sections will be preceded by "S.C." (ex., S.C. § 15–3–530).

their property upon Debtors' proper pleading of the affirmative defense in a non-bankruptcy judicial forum.

The Trustee argues Debtors cannot assert the three year statute of limitations as the bases for their Objections because a "claim," which is evidenced through the filing of a proof of claim, is defined in § 101(5) as a "right to payment" and S.C. § 15–3–530 is limited in its use as an affirmative defense only upon "commencement of an action." According to the Trustee, S.C. § 15–3–530 requires that civil actions "upon a contract, obligation, [or] liability, express or implied," must be commenced "[w]ithin three years." S.C. Code Ann. § 15–3–530(1) (1976). S.C. § 15–3–510 provides that S.C. § 15–3–530 and other similar statutes found in Article 5 of Title 15 of the South Carolina Code prescribe "[t]he periods for the *commencement of actions* other than for the recovery of real property . . . ." S.C. Code Ann. § 15–3–510 (1976) (emphasis added). To define "commencement of an action," the Trustee points the Court to S.C. § 15–3–20(B), which states that "[a] civil action is commenced when the summons and complaint are filed with the clerk of court." S.C. Code Ann. § 15–3–20(B) (1976). Because no summons and complaint have been filed by Cavalry in an effort to obtain a judgment against Debtor Joseph Mazyck, the Trustee asserts an action has not been commenced and, therefore, S.C. § 15–3–530(1) cannot apply.

The Trustee also argues that a finding that S.C. § 15–3–530(1) is "applicable law" under § 502(b)(1) would carry with it the implication that the filing of a proof of claim constitutes the "commencement of an action," thereby violating § 362(a). Under § 362(a), the filing of a bankruptcy petition "operates as a stay" of:

> (1) the *commencement* or continuation, including the issuance or employment of process, of a judicial,

administrative, or other *action* or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; . . .

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title . . . .

11 U.S.C. § 362(a)(1), (6) (2010) (emphasis added).

In light of the stay of "the commencement or continuation . . . of a judicial, administrative, or other action," the Trustee contends that the filing of a proof of claim evidencing a right to payment on a debt to which a South Carolina statute of limitations may apply could be viewed as a violation of the stay. *Id.* Debtors disagree.

## CONCLUSIONS OF LAW

I.    **Whether the affirmative defense of the three year statute of limitations for the commencement of an action upon a contract found in S.C. § 15–3–530(1) may serve as grounds to disallow a creditor's claim**

A claim is defined as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured . . . ." 11 U.S.C. § 101(5)(A) (2010). For an unsecured creditor to participate in the distribution of a Chapter 13 debtor's bankruptcy estate, proof of the creditor's claim(s) must be filed in accordance with § 501 and Fed. R. Bankr. P. 3001–3006. Section 502 and Fed. R. Bankr. P. 3007 provide the bases and procedures through which a debtor may object to proofs of claims. Debtors have objected to Cavalry's Claims pursuant to § 502(b)(1), citing S.C. § 15–3–530(1) as applicable law which makes the Claims unenforceable.

Whether Cavalry's Claims would be unenforceable outside of bankruptcy, and therefore disallowed pursuant to § 502(b)(1), is determined by looking to "any applicable

law," including South Carolina statutes of limitations. When applicable, the bar of a statute of limitation does not extinguish a creditor's underlying right to payment, but it does cause the remedy—*enforcement* of the right to payment—to be withheld. *See, e.g.*, *Davie v. Atkinson*, 281 S.C. 102, 103, 313 S.E.2d 648, 649 (Ct. App. 1984). This Court has held that S.C. § 15–3–530(1) may serve to prevent a creditor from enforcing its right to payment through distributions under a debtor's Chapter 13 plan by disallowing the creditor's claim on the grounds of unenforceability due to the statute's bar. *See In re Hinton*, C/A No. 06–05584–JW, slip op. (Bankr. D.S.C. Sept. 11, 2007) (holding that S.C. § 15–3–530(1) applied to bar a creditor's claim for a debt on which debtor had not made payments in at least six years). The holding in *In re Hinton* is consistent with case law in other courts finding that statutes of limitations similar to those in the South Carolina Code are "applicable law" under § 502(b)(1) which, when timely raised, prevent a creditor's enforcement of a right to payment. *See, e.g.*, *In re Lewis*, Case No. 12–35815–KLP, 2014 WL 4799432, at *5–6 (Bankr. E.D. Va. Sept. 26, 2014) (accepting debtors' assertion of Virginia's statute of limitations, which carries restrictions similar to S.C. § 15–3–530, as "applicable law" which made creditor's claim "unenforceable against the debtor" under § 502(b)(1)); *In re Nussman*, 501 B.R. 297, 302 (Bankr. E.D.N.C. 2013) ("[A]lthough a creditor may have a right to payment, it cannot seek to enforce that right once the statute of limitations has run; thus, if a time-barred claim is filed in a bankruptcy case, it is subject to disallowance on grounds of unenforceability pursuant to § 502(b)(1) . . . .") (citing *In re Andrews*, 394 B.R. 384, 388 (Bankr. E.D.N.C. 2008)); *In re Falwell*, 434 B.R. 779, 783 (Bankr. W.D. Va. 2009) ("If either of [the creditor's] claims is barred by a Virginia statute of limitations, it must be disallowed . . .

7

."); *Andrews*, 394 B.R. at 388 ("A statute of limitations, such as North Carolina's three-year statute of limitations [for the commencement of actions upon a contract], is the type of applicable law referred to in § 502(b)(1) that is grounds for disallowing a claim."). The Trustee has not presented any authority that persuades the Court otherwise.

Statutes of limitations such as S.C. § 15–3–530(1) have the dual-aim of encouraging pursuit of judicial remedies in a timely manner and preventing parties from being subjected to a creditor's efforts to enforce a right to payment outside of the statutorily prescribed time period. Allowing the affirmative defense to serve as a basis for objection to bankruptcy claims supports those aims. Furthermore, distributing funds to creditors with time-barred claims reduces payments to other creditors with claims to which a statute of limitations does not apply. *See Crawford v. LVNC Funding, LLC*, 758 F.3d 1254, 1261 (11th Cir. 2014).[6] In fact, under Debtors' Plan, disallowance of Cavalry's Claims will result in a 6% increase in payments to the remaining claims in the general unsecured creditor class. For the reasons stated above, the statute of limitations may be the basis for disallowance of creditors' claims. If Debtors have met their evidentiary burden in objecting to the Claims, as discussed below, Cavalry's Claims should be disallowed.[7]

---

[6] In *Crawford*, the Eleventh Circuit was asked to impose sanctions upon a creditor for its filing of a stale claim allegedly in violation of the Fair Debt Collection Practices Act ("FDCPA"). Although the FDCPA is not at issue in the instant case, the Court finds the Eleventh Circuit's broader reasoning persuasive on relevant public policy issues which have arisen here.

[7] Section 704(a)(5), made applicable to Chapter 13 trustees by § 1302(b)(1), states that the Trustee shall, "if a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper . . . ." 11 U.S.C. § 704(a)(5) (2010); *see* 11 U.S.C. § 1302(b)(1) (2010). While the Trustee's duty to object to improper claims may require examination of claims to determine whether they are time-barred by a statute of limitation, the Court notes that the bankrupt debtor is ordinarily uniquely positioned to make such objections. A debtor possesses the requisite knowledge of prior payments, promises to pay (oral and/or written), history of default(s), and other transactions related to a creditor's claim. Furthermore, in many instances the cost of the Trustee investigating whether a statute of limitation applies—including obtaining from the debtor facts sufficient to establish the applicability of the defense—may outweigh the benefit to the estate.

II.     **Whether Debtors' Objections and Affidavit contain factual allegations sufficient to support S.C. § 15–3–530(1) as a basis for disallowing Cavalry's Claims**

A creditor's proof of claim is presumed *prima facie* valid if filed in accordance with Fed. R. Bankr. P. 3001.  *See* Fed. R. Bankr. P. 3001(f) ("A proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim.").  Where a claim is "based on a writing," as is the case here, "a copy of the writing shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim."  Fed. R. Bankr. P. 3001(c)(1).  As noted above, the Trustee and Debtors agree that Cavalry's proofs of claims were not accompanied by a copy of the writing or statement explaining its absence.[8]  The absence of sufficient documentation prevents the Court from presuming the validity and amount of each Claim. *In re Schmale*, C/A No. 08–03315–JW, slip op. at *3 (Bankr. D.S.C. Apr. 28, 2009); *see generally In re Worldwide Wholesale Lumber, Inc.*, C/A No. 06–1499-JW, slip op. at *7–8 (Bankr. D.S.C. Feb. 12, 2007) (outlining shifting evidentiary burdens upon finding that proof of claim satisfies Fed. R. Bankr. P. 3001); *see, e.g.*, *Andrews*, 394 B.R. at 389 (citing *In re Simms*, No. 06–1206, 2007 WL 4468682, at *2 (Bankr. N.D. W.Va. Dec. 17, 2007)).  "If the presumption does not arise, the [D]ebtor[s] need only object to the claim[s] pursuant to the applicable rules," which include § 502(b).  *Falwell*, 434 B.R. at 783.  Upon a debtor's proper objection under applicable rules, the burden of proof shifts back to the creditor to establish the validity of its claim.

---

[8] At the time of the hearing, Cavalry's Claims had not been amended or supplemented by supporting documentation or affidavit.

While the original Objections may not have contained sufficient assertions to fully support the defense of the statute of limitations, Debtors have filed an Affidavit to supplement the Objections which contains sufficient factual support.  As noted above, the Affidavit states that Debtor Joseph Mazyck has not made any payments or promises to pay in relation to the debt represented by the Claims in the ten years prior to filing the instant case, well-above the three year period prescribed by S.C. § 15–3–530(1).  Cavalry has not provided any additional evidence in response to substantiate the validity of its Claims, all of which purport to be based on a writing.  Therefore, considering the Affidavit and the conclusion that S.C. § 15–3–530(1) is applicable law which renders the Claims unenforceable, the Claims should be disallowed.

### III.    Whether the filing of a proof of claim constitutes a violation of the automatic stay

The Trustee makes the ancillary argument that allowing South Carolina statutes of limitations to be asserted as defenses to proofs of claims would be tantamount to finding that the filing of a proof of claim is a "commencement of an action," and, therefore, a violation of the automatic stay provided by § 362(a).  The Court need not reach this issue because, as previously noted, the applicability of S.C. § 15–3–530(1) as an affirmative defense to Cavalry's Claims is not based upon a finding that Cavalry commenced an action against Debtors in filing its Claims.  Rather, Cavalry's Claims should be disallowed because S.C. § 15–3–530(1) is applicable non-bankruptcy law that would render the Claims unenforceable if Cavalry were to attempt to enforce its right to payment in a non-bankruptcy judicial forum.  The same rationale supporting the use of S.C. § 15–3–530(1) and similar statutes as affirmative defenses in non-bankruptcy cases should apply here to permit Debtors to assert the statute as a basis for their Objections.

10

Furthermore, it would be unreasonable to conclude that Congress, in its drafting of the Bankruptcy Code, established in § 501 a process for filing proofs of claims within the bankruptcy court that directly violated its provision in § 362(a) of a post-petition stay of the commencement or continuation of judicial or administrative actions.  *See, e.g.*, *United States v. Joshua*, 607 F. 3d 379, 387 (4th Cir. 2010) (noting that statutes should be interpreted against absurd results).  "[T]he automatic stay serves to protect the bankruptcy estate from actions taken by creditors outside the bankruptcy court forum, not legal actions taken within the bankruptcy court."  *In re Sammon*, 253 B.R. 672, 681 (Bankr. D.S.C. 2000).  Therefore, the filing of a proof of claim in accordance with Fed. R. Bankr. P. 3001 and Section 501 "cannot serve as the basis for asserting a violation of the automatic stay."  *In re Myisha O. Smith*, No. 07–14381–TJC, 2009 WL 115293, at *4 (Bankr. D. Md. Jan. 16, 2009).

## CONCLUSION

Based on the foregoing, the affirmative defense provided by a state law statute of limitations, when applicable, may be asserted by debtors as a basis for objecting to creditors' claims.  S.C. § 15–3–530(1) constitutes "applicable law," as stated in § 502(b)(1), which may be set forth as a basis for objecting to a creditor's claim, and will render the claim unenforceable and disallowed where evidence provided by the objecting party shows no transactions, payments, or written promises in relation to a debt arising from a contract have been made in over three years.  A debtor may successfully object to such claims on these grounds and have those claims disallowed where the debtor's objections and evidence demonstrate facts sufficient to prove this affirmative defense.

In the instant case, Debtors filed an Affidavit to supplement the originally filed Objections to Cavalry's Claims.  The Affidavit supplies facts sufficient for this Court to hold that Cavalry's Claims are unenforceable pursuant to § 502(b)(1) because of the applicable statute of limitation found in S.C. § 15–3–530(1).[9]   Therefore, Debtors' Objections are sustained, the Trustee's responses to Debtors' Objections are overruled, and Cavalry's Claims are hereby disallowed.

   **AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**11/19/2014**



US Bankruptcy Judge
District of South Carolina

Entered: 11/19/2014

---

[9] As opined by the Trustee, the issues raised within the instant case indicate a need for guidance as to the best procedure for presentation and consideration of such objections to claims.  In future hearings raising similar issues, the Court notes that supporting affidavits or testimony by debtors may aid in the Court's determination of the applicability of certain affirmative defenses.  Guidance regarding best procedures shall be set forth in a supplemental order.